UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

UNIVERSAL NORTH AMERICA
INSURANCE COMPANY,

        Plaintiff,

    v.

ELECTROLUX HOME PRODUCTS, INC.,
et al.,

        Defendants.

Case No. 16-cv-06884-NJV

**CASE MANAGMENT AND PRETRIAL ORDER**

    The following case schedule was discussed during the Case Management Conference:

**PRETRIAL SCHEDULE**

TRIAL DATE:  October 15, 2018, at 9:00 a.m., at United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519.

    JURY [x]    COURT []

TRIAL LENGTH:  No more than [7] days.

PRETRIAL CONFERENCE DATE: [September 17, 2018], at 10:00 a.m. at United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519.

NON-EXPERT DISCOVERY CUTOFF: [April 6, 2018].

EXPERT DISCOVERY CUTOFF: [June 29, 2018]; Disclosure of experts and related reports [April 13, 2018 for Plaintiff] and [May 11, 2018 for Defendants].

//

//

//

# PRETRIAL INSTRUCTIONS

## A. PRETRIAL MOTIONS

1. All dispositive motions are to be heard as described above.

2. Only **one** summary judgment motion may be filed by each side, absent leave of court. Leave of court may be sought if multiple parties comprise one or both sides. Leave of court may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference.

3. **Separate** statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed unless otherwise ordered by the court. See Civil L. R. 56-2. The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed.

4. **Objections** to evidence may not be filed separately but must be contained within a brief or memorandum. Civil L. R. 7-3.

5. Each party filing or opposing a motion shall also serve and file a **proposed order** which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority that the party requests the court to adopt.

6. **Chambers copies** of each electronically-filed document must include on each page the running header created by the ECF system. Chambers copies must be delivered to the Clerk's Office in Eureka by noon the day following the filing of the document. All documents must be stapled or bound by a two-pronged fastener, and all exhibits to declarations or requests for judicial notice must be tabbed.

7. **Footnotes** appearing in font smaller than the 12-point font required for the text will be stricken, see Civil L. R. 3-4(c)(2), as will footnotes that are so numerous as to be clearly designed to defeat the page limits found at Civil L. R. 7-2 - 7-4.

8. Absent leave of court, motions pursuant to ***Daubert v. Merrill Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993), challenging the reliability of expert testimony, shall be noticed for hearing no later than the date dispositive motions will be heard. Irrespective of the hearing

date, the briefs shall be filed in accordance with Civil L. R. 7-2 - 7-5, that is, on a 35-day briefing schedule.

9. **Motions *in limine*** are limited to motions to exclude specific items of evidence on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial. The court will not generally consider a motion presenting a purely legal issue in the guise of a motion in limine.

10. **Confidential and/or sealed documents** shall be handled in accordance with this court's standing order and Civil L.R. 79-5, both of which the parties shall consult before moving for a protective order or requesting a sealing order. Requests to seal documents used in conjunction with dispositive motions are rarely granted and then only upon a showing of the most compelling of reasons. Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded. If the parties wish to dispose of documents filed under seal in some other way, they must so note in their sealing motion and pick up the documents within five court days of the disposition of the motion.

## B. FINAL PRETRIAL CONFERENCE

1. The pretrial conference shall be attended by lead trial counsel and/or the unrepresented party who will try the case.

2. **Not less than 35 days** prior to the pretrial conference, all counsel and/or unrepresented parties shall meet and confer regarding preparation of the joint pretrial statement.

3. **Not less than 21 days** prior to the pretrial conference, counsel and/or unrepresented parties shall:

   a. Serve and file a **joint** pretrial statement. (Separately filed statements will not be accepted by the court and monetary sanctions shall be imposed upon the party failing to cooperate in the preparation of a joint statement).

   The pretrial statement shall include the following:

   i.   A brief description of the substance of the claims and defenses which remain to be decided.

    ii.  A detailed statement of all relief sought, itemizing all elements of damages claimed.

    iii.  A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    iv.  A statement of all relevant disputed facts which remain to be decided.

    v.  A statement of stipulations requested or proposed.

    vi.  A brief statement of disputed points of law concerning liability and relief. Legal argument on these points shall be reserved for the trial briefs.

    vii.  A statement of whether bifurcation or a separate trial of specific issues is desired and feasible.

    viii.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

 b. Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

 c. Serve and file no more than ten motions in limine, which shall be filed in one document not to exceed 25 pages;

 d. Serve and file a list of deposition excerpts for witnesses who will not testify in person, (specifying the witness, page and line references) and other discovery responses that will be offered at trial;

 e. Serve and file a list of all witnesses to be called at trial, in person or by deposition, other than solely for impeachment or rebuttal, with a brief statement describing the substance of the testimony to be given;

 f. Serve and file a numerical list of exhibits that will be offered as evidence in a party's case in chief in support of a claim or defense, with a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

 g. Exchange exhibits which shall be premarked with an exhibit sticker (example attached), tabbed and in binders.  Plaintiff shall use numbers (1, 2, 3, etc.) and

4

defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.).

h. Submit two sets of all premarked exhibits to the Clerk's Office in Eureka (exhibits are not filed);

i. Serve and file any request regarding the treatment of confidential or sealed documents.

j. Serve and file proposed joint voir dire questions and joint jury instructions for cases to be tried by jury. Any voir dire questions and jury instructions which the parties cannot agree upon may be submitted separately. An electronic copy of these documents shall be e-mailed to njvpo@cand.uscourts.gov.

k. Serve and file proposed findings of fact and conclusions of law for cases or claims to be tried by the court, and a proposed order thereon. An electronic copy of these documents shall be e-mailed to njvpo@cand.uscourts.gov.

l. Serve and file a proposed verdict form which contains no reference to submitting party. An electronic copy of these documents shall be e-mailed to njvpo@cand.uscourts.gov.

4. No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in these pretrial filings without leave of court and for good cause.

5. **Not less than 14 days** prior to the pretrial conference, counsel and/or unrepresented parties shall serve and file any opposition to a motion in limine, any counter deposition designations, and any disputed voir dire questions and jury instructions. No replies shall be filed. All motions shall be heard at the pretrial conference unless otherwise ordered. The parties shall not file separate objections, apart from those contained in the motions in limine, to the opposing party's witness list, exhibit list or discovery designations.

## C. JURY TRIAL

Jury selection shall proceed as follows: The Jury Commissioner will summon 35 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called. Voir dire will be conducted of sufficient venire members so that eight will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

Voir dire shall be conducted by the court.  Counsel will be permitted brief follow-up voir dire after the court's questioning.

The court will take cause challenges and discuss hardship claims in chambers.  The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed.  Peremptory challenges will be made in chambers.  Each party shall be limited to three peremptory challenges.  Any party passing on a challenge will be deemed to have waived that challenge.  The court will strike at one time those with meritorious hardship claims, those excused for cause, and those challenged peremptorily, and then seat the first eight people remaining in numerical order.

The following jury instructions from the Ninth Circuit Manual of Model Jury Instructions Civil (2007 Edition) shall be given absent objection:  1.0 - 1.4, 1.6 - 1.14, 1.18 - 1.19, 3.1 - 3.4. Counsel shall submit a **joint set** of these instructions along with case specific instructions using the Ninth Circuit Manual where appropriate.  Any instructions on which counsel cannot agree may be submitted separately.  Each instruction shall be typed in full on a separate page with citations to the authority upon which it is based **and** a reference to the party submitting it.  A second blind copy of each instruction shall also be submitted omitting the citation to authority, the reference to the submitting party, and the title of the instruction.

Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at (415) 522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 calendar days prior to the trial date.

## D.  TRIAL SCHEDULE

The court's trial schedule is 9 a.m. to 12:00 p.m., and 1:00 p.m. to 4 p.m., with two fifteen-minute breaks.  The court conducts trial five days a week.

## E.  PROCEDURE FOR AMENDING THIS ORDER

No provision of this order may be changed except by written order of this court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-11 with a

1   showing of good cause.  Parties may file a formal brief, but a letter brief will suffice.  The

2   requesting party shall serve the opposing party on the same day the motion is filed and the

3   opposing party shall submit a response as soon as possible but no later than four days after service.

4          If the modification sought is an extension of a deadline contained herein, the

5   motion must be brought before expiration of that deadline.  **The parties may not modify the**

6   **pretrial schedule by stipulation**.  A conflict with a court date set after the date of this order does

7   not constitute good cause. The parties are advised that if they stipulate to a change in the discovery

8   schedule, they do so at their own risk.  The only discovery schedule that the court will enforce is

9   the one set in this order.

10         **IT IS SO ORDERED**.

11  Dated: May 26, 2017

12  _____

13  NANDOR J. VADAS
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Plntf Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk |

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case #: _____ Deft Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Deft Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Deft Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case #: _____ Deft Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Deft Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk | Case #: _____ Deft Exhibit No _____ Date Admitted: _____ By: _____ Gloria Knudson, Deputy Clerk |